539 A.2d 517

Catherine Todloski, Petitioner *v.* Workmen's Compensation Appeal Board (Supermarket Service Corp.), Respondents.

Submitted on briefs January 19, 1988, to Judges CRAIG, PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*John E. V. Pieski,* for petitioner.

*J. Scott Brady,* for respondent.

OPINION BY SENIOR JUDGE BARBIERI, March 31, 1988:

Catherine Todloski (Claimant) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) that granted Supermarket Service Corp.'s (Employer) petition for modification of her benefits from total to partial disability. We reverse and reinstate the award of total disability.

Claimant was awarded benefits for total disability pursuant to a work related accident on November 15, 1974 which resulted in permanent damage to the ulnar nerve of her left hand. On March 14, 1984, Employer filed the instant petition to modify asserting that it had produced available work which claimant was capable of performing under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987) and *Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Co.),* 516 Pa. 256, 532 A.2d 382 (1987). Medical witnesses for both Claimant and Employer agreed that Claimant's condition has not changed since her accident and that she is permanently disabled for any type of activity which would demand excessive heavy use of the left hand but could perform sedentary work as long as it did not involve repetitive gripping or lifting with the left hand. Employer's vocational counselor then testified that he had referred six job openings within these medical restrictions to Claimant's counsel. The referee found that two of these jobs were available and within Claimant's capabilities and reduced Claimant's benefits by the amount the higher of the two jobs would pay, which order the Board affirmed. Claimant contests the referee's finding that the jobs were made available to her.

"Available" means that the Employer must bring to the attention of the employee the existence of work which is actually available. *Kachinski* at 249, 532 A.2d at 378. Once employer meets this threshold burden, the claimant must demonstrate that he has followed through in good faith on employer's information. *Kachinski* at 252, 532 A.2d at 380. In the present case, the practice of Employer's vocational counselor was to locate a job opening through the help wanted advertisements, interview the proposed employer by phone with regard to the job requirements and Claimant's capabilities, and then send Claimant's counsel a certified letter notifying him of the job opening. The notices for the two jobs in question were sent out by certified letters dated February 13 and 14, 1984. Each contained the title of the position, a brief description of the job duties, and the starting salary and hours. *They did not contain the name and address of the job*. Claimant's counsel was instructed to contact the vocational counselor if his client was interested in applying for the job. Claimant's counsel by letter dated February 29, 1984, responded that his client wanted to apply and asked for more information which the vocational counselor then belatedly supplied.[1] The upshot of all this is that by the time Claimant finally did apply for these two jobs on April 9, 1984, both had been long filled. The Board found that the lack of response by Claimant's counsel for two weeks allowed

---

[1] Employer's counsel admits in his brief that the jobs were filled before the vocational counselor responded to the letter of February 29, 1984 (Brief for Respondent at 4). Claimant's counsel contends that the vocational counselor did not supply him with the necessary information until April 5, 1984 (Brief for Petitioner at 5), but the record is not clear whether or not the vocational counselor is referring to the jobs in question, or four more job referrals submitted by letter on that date (N.T. 6/13/84, p. 84).

the referee to reasonably infer that the Claimant did not intend to apply for the jobs.

We disagree and hold that a job opening is simply not available to the claimant unless he is informed of the name and address of the job. Here the Employer did not do everything possible to convey this information to Claimant, *Farkaly* at 259, 532 A.2d at 383, but instead chose to deliberately withhold vital information in order to control the application process. It is the Employer's burden to effectively convey this information to Claimant, and Employer cannot point to the dereliction of Claimant's counsel in not responding promptly until it has met its burden of showing an actual job referral. *Kachinski* at 254, 532 A.2d at 381. What Employer did refer to Claimant's counsel falls short of a referral, the information conveyed is absolutely useless without a name and an address.

It is employer's burden to give the claimant all the necessary information to apply for a job opening, not to take the claimant by the hand or control the claimant's job search. Once this information has been conveyed, it is the claimant's responsibility to demonstrate his good faith efforts to follow up. Since in the present case it is undisputed that by the time Claimant did receive the necessary information and did follow up, all the job openings were filled, there was no work available to Claimant. Consequently, the referee's finding is in error, the Board's order affirming it is reversed, and the award of total disability is reinstated.

## ORDER

Now, March 31, 1988, the order of the Workmen's Compensation Appeal Board at No. A-90038, dated April 16, 1987, is hereby reversed, the award of total disability is reinstated.