621 A.2d 1192

**Vera D. THOMAS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SCHOOL DISTRICT OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 9, 1992.

Decided Feb. 19, 1993.

Reargument Denied April 21, 1993.

Brian R. Steiner, for petitioner.

John C. Janos, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Vera Thomas (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming in part and reversing in part a referee's decision which modified Claimant's benefits from total disability to partial disability. We reverse and reinstate the award of total disability.

Claimant, while community coordinator for the School District of Philadelphia (Employer), was injured on January 20, 1981, when an opening door caused her to fall to the ground, injuring her lower back, left shoulder and left hip. Claimant

continued to work with no loss of earnings, but became totally disabled as a result of her injury on September 3, 1983. Claimant began receiving benefits on September 10, 1983 for temporary total disability pursuant to a notice of compensation payable.

On February 28, 1985, Employer filed a modification petition asserting that Claimant was capable of performing modified work which was available and consistent with Claimant's physical limitations. Claimant filed a timely answer denying that she was capable of performing any work and asserting that she continued to suffer the effects of her work-related injuries.

At a hearing in support of its petition, Employer presented the deposition testimony of John Joyce, M.D., one of Claimant's treating physicians, who testified that Claimant was able to perform sedentary work as of March 8, 1984. Dr. Joyce testified that he approved six potential employment positions for Claimant which were sent to him by Hoover Rehabilitation Services.

Employer also presented the deposition testimony of Ms. Barbara Richards, a vocational counselor, who testified that she sent Claimant seven job referral letters from October 17, 1984 through January 17, 1985. She further testified that in accordance with their standard practice, the referral letters Claimant received did not contain the names or addresses of the potential employers. Ms. Richards testified that Claimant did in fact contact her regarding potential job opportunities. Specifically, she testified that Claimant first contacted her on October 24, 1984, but that the position she was inquiring about had been filled by that time. She further testified that when responding to a referral letter on November 2, 1984, Claimant informed her that she was not interested in full-time employment. Ms. Richards testified that when Claimant contacted her on November 28, 1984 regarding a potential job opportunity, Claimant informed her that she was not interested in applying for a job because she did not expect to return to the work force at her age and she considered herself retired.

Finally, Ms. Richards testified that she had no further phone contact with Claimant.

Claimant testified that for each referral letter that she received, she called the phone number on the form which was the telephone number of Hoover Rehabilitation Services and asked for Ms. Richards or her supervisor, Mr. Lukas. Claimant stated that she was normally told that they were either not available or out in the field, but that they would return her call. She further testified that most of the time she did not receive a response from her message. Finally, Claimant testified that she has not retired from the School District.

Claimant also presented the deposition testimony of Steven D. Silberstein, M.D., a neurologist who had treated Claimant on various occasions since 1981. Dr. Silberstein testified that in his medical opinion, Claimant remains totally disabled from any employment because of chronic back pain.

The referee was not persuaded by Dr. Silberstein's testimony, and chose to rely on Dr. Joyce's and Ms. Richards' testimony. The referee found that Claimant did not exercise good faith in following through on job referrals. The referee modified Claimant's benefits to partial disability and directed Employer to pay Claimant's medical expenses and litigation costs.

Claimant appealed to the Board alleging that the referee's findings were not supported by substantial evidence and were contrary to law. Employer also appealed to the Board contending that the referee erred by ordering Employer to pay Claimant's medical expenses and litigation costs.

The Board affirmed the modification of benefits [1], but reversed the assessment of litigation costs against Employer

1. The Board affirmed the referee's order granting the modification petition on the basis of *Dugan v. Workmen's Compensation Appeal Board*, 131 Pa.Commonwealth Ct. 218, 569 A.2d 1038 (1990), reasoning that Claimant had withdrawn from the workforce. We find the Board's reliance on *Dugan* to be misplaced. In *Dugan*, we held that an employer need not prove that employment is available to a claimant when that claimant had unequivocally stated that he has no intention of seeking future employment. In this case, Claimant has specifically testified that she had not retired.

and the order to pay Claimant's medical expenses. On appeal to this court, three issues are presented: (1) whether the Board erred in affirming the referee's order granting Employer's modification petition when the referral letters sent to Claimant did not contain the name and address of the potential employer; (2) whether the Board erred in reversing the referee's award of medical expenses when Employer did not file a pleading contesting the work injury relatedness of those expenses; and (3) whether the Board erred in reversing the referee's award of Claimant's litigation expenses.[2]

As to the first issue, Claimant argues that the Board erred in modifying Claimant's compensation because Employer failed to satisfy its initial burden as established by *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). *Kachinski* sets forth a four part test to determine whether work is available to a claimant:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

516 Pa. at 252, 532 A.2d at 380.

Claimant asserts that her good faith in following through on the referrals is irrelevant because Employer failed

---

**2.** Our scope of review of an order of the Board is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *SEPTA v. Workmen's Compensation Appeal Board (Scott)*, 136 Pa.Commonwealth Ct. 98, 582 A.2d 421 (1990), *petition for allowance of appeal denied*, 527 Pa. 658, 593 A.2d 428 (1991).

to meet the second requirement of *Kachinski*. Specifically, Claimant argues that because the the job referral letters which were sent to Claimant by Hoover Rehabilitation Services did not contain the names and addresses of prospective employers, they were deficient as a matter of law. We agree.

This court has specifically held that a job opening is simply not available to the claimant unless he is informed of the name and address of the job. *Todloski v. Workmen's Compensation Appeal Board (Supermarket Service Corp.)*, 115 Pa.Commonwealth Ct. 138, 539 A.2d 517 (1988). In the present case the job referral letters were sent directly to Claimant by certified mail. The letters contained a description of the duties involved, the hours, the salary and instructions to call Hoover Rehabilitation Services for more information. Ms. Richards testified that it was a standard practice at Hoover not to include the prospective employer's name and address. She further testified that this was done so as to make it easier for them to determine if a particular claimant has applied for a position.

"It is employer's burden to give the claimant all the necessary information to apply for a job opening, not take the claimant by the hand or control the claimant's job search." *Id.* 115 Pa.Commonwealth Ct. at 141, 539 A.2d at 518. Under the facts of this case, Employer has failed to meet this burden. Accordingly, the order of the Board granting Employer's petition for modification is reversed and the award of total disability benefits is reinstated.

The next issue presented concerns the Board's reversal of the referee's award of Claimant's medical expenses. The referee concluded that Claimant had not sustained her burden of proving a causal relationship between her September, 1983 laminectomy and her October, 1985 laminectomy and any work related injury and ordered Employer to pay Claimant's medical expenses. On appeal, the Board, citing *King v. Workmen's Compensation Appeal Board (Wendall H. Stone Co.)*, 132 Pa.Commonwealth Ct. 292, 572 A.2d 845 (1990), determined that Employer was not required to pay for medical expenses not causally related to Claimant's work injury. While we

agree with the Board's reasoning in general, we find that the issue of work injury relatedness of Claimant's medical expenses was not properly before the referee or the Board for the following reasons.

■ Initially, we note that contrary to the referee's conclusion, the Claimant had no burden to establish the work injury relatedness of the medical expenses. Once a claimant has proven a compensable work injury it is the employer who carries the burden of establishing that medical expenses are not necessary or that they are unreasonable. *Tobias v. Workmen's Compensation Appeal Board (Nature's Way Nursery, Inc.)*, 141 Pa.Commonwealth Ct. 438, 595 A.2d 781, *petition for allowance of appeal denied*, 529 Pa. 628, 600 A.2d 543 (1991).

■ Under the facts of this case, Claimant has met her burden of proving a compensable work injury as evidenced by the notice of compensation payable. Thus, the burden rests with Employer to affirmatively challenge the reasonableness or necessity of Claimant's medical expenses. Employer has not filed a petition for review nor any other pleading which would notify Claimant that these expenses were being challenged. Instead, Employer filed a petition for modification of benefits asserting only that Claimant was capable of performing modified work and that such work was available to her. Unless and until Employer files an appropriate petition, affirmatively challenging Claimant's medical expenses, the issue is not properly raised. *See Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station)*, 144 Pa.Commonwealth Ct. 332, 601 A.2d 491 (1991); Section 306(f)(ii) of the Pennsylvania Workmen's Compensation Act (Act)[3]. Accordingly, the Board's action relieving Employer of payment of Claimant's medical expenses is reversed.

■ The third and final issue presented concerns the referee's award of Claimant's litigation costs which was reversed by the Board. Section 440 of the Act[4] provides that in a contest-

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(2)(ii).
4. 77 P.S. § 996.

ed case involving a petition to modify compensation awards where the contested issue is resolved in whole or in part in favor of the claimant, the claimant shall be entitled to an award of reasonable costs for witnesses, necessary medical examinations, and the value of unreimbursed lost time to attend the proceedings. As we have previously determined that Employer's modification petition was improperly granted, we reverse that portion of the Board's order denying Claimant's litigation costs and the award of litigation expenses is reinstated.

Accordingly, the order of the Board is reversed.

## ORDER

AND NOW, February 19, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.

PELLEGRINI, Judge, dissenting.

I respectfully dissent to that portion of the majority opinion holding "the issue of work injury relatedness of Claimant's medical expenses was not properly before the referee or the Board" because the School District of Philadelphia (Employer) must affirmatively challenge the reasonableness or necessity of Vera D. Thomas' (Claimant) medical expenses by filing a petition for review. That holding is contrary to our case law, as well as placing the burden on Employer to file a petition to challenge every medical expense submitted to it no matter that the expense could not be even remotely related to the work injury.

This case arose when Employer filed a Modification Petition with the Bureau of Worker's Compensation contending that Claimant was no longer totally disabled due to the 1981 work-related injury to her left hip and back and was able to perform modified work. Claimant filed a Petition for Penalties against Employer for refusing to pay some of Claimant's medical bills.

Employer presented evidence that Claimant's more recent symptoms were caused by a degenerative condition in her back and not by the work-related injury. The Referee accepted Employer's medical testimony that Claimant's complaints of right leg pain and low back pain beginning in 1983 were not causally related to the work-related injury. (F.F. # 10). The Referee found no causal connection between the medical expenses for Claimant's surgeries in 1983 and 1985, based on the right leg pain, and the 1981 injury. (F.F. # 12). However, the Referee ordered Employer to pay all of Claimant's medical expenses, including the expenses for the surgeries in 1983 and 1985 which the Referee stated were "necessary and reasonable". (F.F. # 27).[1]

Because of the inconsistency in the Referee's findings of fact, Employer appealed the award of medical expenses to the Workmen's Compensation Appeal Board (Board). The Board held that Employer was not required to pay medical expenses which are not causally related to the work-related injury and reversed that part of the Referee's order.

An employer is never required to pay any medical expenses not related to the accident or injury at work. *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Co.)*, 132 Pa.Commonwealth Ct. 292, 295, 572 A.2d 845, 847 (1990). An employer's contention that current symptoms are not causally related to the work-related injury is distinct from the contention that medical expenses are simply unreasonable or unnecessary.

1. The issue of medical expenses was before the Referee based on Claimant's "informal" Petition for Penalties for delay in paying medical expenses. (F.F. # 30). The majority's holding is in error on that basis alone, because Claimant was the one who raised the issue of medical expenses by petitioning for penalties for unpaid medical bills. However, Employer's ability to appeal the issue to the Board is unclear in light of the Referee's Finding of Fact # 32 which states:

The Referee has been informed that the penalty question is now moot because the Defendant has agreed to pay Claimant's medical bills, and by agreement of the parties, Claimant's request for penalties has been withdrawn conditioned on such payment.

Claimant, however, does not contend that the issue was not properly before the Board due to an agreement between the parties.

The majority is correct that an employer asserting that medical expenses are unreasonable and unnecessary is not excused from continued payment, and should raise that issue in a petition for review pursuant to Section 306(f)(2)(ii) of The Pennsylvania Workmen's Compensation Act.[2] *See Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station)*, 144 Pa.Commonwealth Ct. 332, 601 A.2d 491 (1991); *Johnson v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center)*, 137 Pa.Commonwealth Ct. 176, 586 A.2d 991 (1991), *petition for allowance of appeal denied*, 530 Pa. 648, 607 A.2d 257 (1991). However, that principle is inapplicable in this case because the Employer had no duty to pay for the treatment which the Referee found was not causally related to the work injury. That lack of duty to pay for medical expenses is the distinguishing factor between this case and *Loose* or *Johnson. See Staroschuck v. Workmen's Compensation Appeal Board (Midland Ross Corp.)*, 153 Pa.Commonwealth Ct. 523, 621 A.2d 1173 (1993, J. Doyle).

Because the Employer proved that the medical expenses were not causally related to the work injury, it had no duty to pay those expenses, and there is no requirement that the Employer bring a separate petition for review to challenge the reasonableness or necessity of the treatment in order to be relieved of payment. This court should affirm that part of the Board's order reversing the award of medical expenses.

---

**2.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(2)(ii).