645 A.2d 389

**CARNEGIE MELLON UNIVERSITY and Niagara Fire Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LENZ), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 1993.

Decided June 28, 1994.

---

394

Steven L. Morrison, for petitioners.

Amiel B. Caramanna, Jr., for respondent.

Before COLINS and SMITH, JJ., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Carnegie Mellon University and Niagara Fire Insurance Company (collectively, Employer) appeal from the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting a petition for review filed by Daniel Lenz (Claimant) and denying a petition for suspension or modification filed by Employer. The issues raised on appeal are (1) whether the referee applied the correct burden of proof for establishing the causal relationship between Claimant's alleged psychiatric disability and his back injury; (2) whether the referee's finding of the causation is supported by substantial evidence; and, (3) whether the referee's finding that Employer failed to offer available light-duty

work within Claimant's medical limitations is supported by substantial evidence.

## I.

Claimant was employed by Employer as an air-conditioning mechanic when on April 26, 1989, he sustained a back injury, while pulling a dolly containing an air-conditioning unit. After the injury, Claimant received total disability benefits pursuant to a notice of compensation payable until he returned to sedentary light-duty office work on April 18, 1990 as a physical plant service coordinator. This position was within the physical restrictions imposed by Claimant's treating physician, Milton J. Klein, M.D., board-certified in physical medicine and rehabilitation. Subsequently, on August 15, 1990, Dr. Klein removed Claimant from work because of Claimant's complaints of neck pain and increased back pain. Claimant missed 36.5 days while working on this light-duty position.

On August 16, 1990, Claimant filed a petition for review, alleging that his disability benefits were improperly computed. Thereafter, on September 12, 1990, Employer offered Claimant another light-duty position of a scheduling board assistant/clerk, and informed him that this position complied with the new stricter physical limitations imposed by Dr. Klein on August 20, 1990. In a letter dated September 15, 1990, Claimant refused to accept Employer's offer of the position, stating that he would not accept another "phony" job; he was harassed and discriminated against by Employer while working on the first light-duty job; his request for retraining or settling the case had been denied; and returning to another created position "may prove a tragedy for all people concerned."

On September 21, 1990, Employer filed a petition for suspension or modification of Claimant's benefits as of September 18, 1990 on the basis that Claimant refused to accept the available light-duty job within his medical restrictions. On October 3, 1990, Claimant's counsel notified Employer that Claimant was under the care of Dr. Anthony J. McGroarty, a

psychologist, and was being referred to a psychiatrist. On October 8, 1990, Employer terminated Claimant's employment for reasons of abandonment of his employment and insubordination. Both petitions were consolidated by the referee.

Claimant presented the deposition testimony of Dr. Klein who stated that Claimant was disabled due to his back injury on the days he was unable to work on the light-duty job; as of January 16, 1991, Claimant's back condition had not changed and was unlikely to improve, and he was unable to perform his pre-injury work; and, the job duties of the second alternative work offered by Employer on September 12, 1990 did appear to fit within the stricter physical restrictions imposed by him.

To support his psychiatric injury claim, Claimant presented the deposition testimony of Dr. McGroarty who first saw Claimant on August 3, 1990 on a referral by Dr. Klein for treatment of depression. Dr. McGroarty's diagnosis of Claimant's condition was adjustment disorder with mixed emotional features and paranoid personality disorder. He opined that the major cause of Claimant's psychological problems was his anger, depression and perception that Employer and its insurance carrier were not cooperating with him in his effort to find an alternative career which would enhance his self-esteem, and that the back pain contributed to his condition to some extent. He also stated that Claimant was not temperamentally well suited to work in an office setting.

Employer presented the deposition testimony of Jules Kann, M.D., a clinical psychologist. Dr. Kann testified that Claimant is an extremely angry person with a psychopathic type personality with a pronounced paranoid manipulative flavor to it. He opined that Claimant's psychological problems were not the result of any specific events, and rather, he had been reacting the same way all his life as in this matter.

Finding the testimony of Claimant and Drs. Klein and McGroarty credible, the referee concluded that Claimant was totally disabled due to the work-related back injury when he missed work on the light-duty job between April 18, 1990 and August 15, 1990; Claimant's psychological condition is causally

related to the back injury and rendered him unfit for the scheduling board assistant/clerk position offered by Employer; and Employer thus failed to establish available employment within Claimant's medical limitations. The referee accordingly reinstated Claimant's total disability benefits for the 36.5 days he missed on the physical plant service coordinator position and thereafter continuing into the future. The Board affirmed the referee's decision.[1]

On appeal, Employer does not challenge the referee's decision reinstating the total disability benefits for the period prior to Claimant's refusal to accept its offer of the scheduling board assistant/clerk position on September 18, 1990. Employer's Brief, p. 7. Employer contends, however, that the benefits should be suspended as of September 18, 1990 (1) because Claimant failed to establish the causal relationship between his back injury and psychiatric disability which allegedly prevented him from returning to the scheduling board assistant/clerk position, and (2) because it is undisputed that the duties of that position were within Claimant's physical restrictions.

## II.

 To reinstate the benefits which had been suspended when he returned to the light-duty job, Claimant had to prove that: (1) through no fault of his own, his earning power was once again adversely affected by his disability and (2) the disability which gave rise to his original claim, in fact, continued. *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990). The causal connection between the original work-related injury and the disability which gave rise to suspended compensation is presumed. *Id.* However, the claimant must prove by a preponderance of the evidence that his claim for reinstatement of the benefits is based upon

---

1. This Court's scope of review in a worker's compensation case is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Lenzner Coach Lines v. Workmen's Compensation Appeal Board (Nymick)*, 158 Pa.Commonwealth Ct. 582, 632 A.2d 947 (1993).

the same disability for which he initially received benefits. *Id.* Claimant initially received the total disability benefits for his back injury. Only after filing the petition for review seeking reinstatement of benefits, Claimant first indicated that he suffered a work-related psychiatric injury. Since Employer did not accept liability for the alleged psychiatric disability when it paid benefits for the back injury, the causal connection between the work-related back injury and the psychiatric disability cannot be presumed.

■ "[P]sychological disorders such as suicidal tendencies and depression are not the 'immediate and direct' or 'natural and probable' consequences of a [physical injury]." *Hilton Hotel Corp. v. Workmen's Compensation Appeal Board (Totin)*, 102 Pa.Commonwealth Ct. 528, 533, 518 A.2d 1316, 1319 (1986). Consequently, Claimant had the burden of establishing the causal relationship between the back injury and the psychiatric disability by unequivocal medical testimony. *School District of Philadelphia v. Workmen's Compensation Appeal Board (Coe)*, 163 Pa.Commonwealth Ct. 89, 639 A.2d 1306 (1994).

■ Disabilities caused by psychological elements fall into three discrete categories: (1) psychological stimulus causing physical injury, the mental/physical case; (2) physical stimulus causing psychic injury, the physical/mental case; (3) psychological stimulus causing psychic injury, the mental/mental case. *Volterano v. Workmen's Compensation Appeal Board (Allied Corp.)*, 149 Pa.Commonwealth Ct. 222, 613 A.2d 61 (1992), *aff'd*, 536 Pa. 335, 639 A.2d 453 (1994). It is undisputed that this case does not fall within the mental/physical category. In a physical/mental case, a claimant has the usual burden of proving that the physical injury arose in the course of employment and the mental injury was related thereto. *Sibrava v. Workmen's Compensation Appeal Board (Trans World Airlines)*, 113 Pa.Commonwealth Ct. 286, 537 A.2d 75 (1988). In a mental/mental case, however, the claimant has the heightened burden of proving by objective evidence that he or she has suffered a psychiatric injury and that

such injury is other than a subjective reaction to normal working conditions. *Martin v. Ketchum, Inc.,* 523 Pa. 509, 568 A.2d 159 (1990). Employer contends that the referee should have applied the heightened burden of proof applicable to a mental/mental injury case.

Employer, however, admits its liability for Claimant's total disability resulting from the back injury up to the point when he refused to accept the second offered modified position. It never alleged that Claimant's disability from his back injury had terminated. Moreover, Claimant's psychiatric disability claim was based not upon the work-related stress, as in other mental/mental cases, but upon his back injury as "a precursor to his psychological injury." *Wilson v. Workmen's Compensation Appeal Board (Aluminum Co. of America),* 159 Pa.Commonwealth Ct. 296, 301, 632 A.2d 1361, 1363 (1993). Hence, this case does not fall within a mental/mental category. Where, as here, posttraumatic psychological disability is allegedly caused by the work-related physical injury, the claimant is required to prove only that the psychiatric injury arose in the course of employment and was related thereto. *Bell v. Workmen's Compensation Appeal Board (Allegheny County Housing Authority),* 152 Pa.Commonwealth Ct. 636, 620 A.2d 589 (1993).

### III.

■ Having concluded that the referee applied the correct burden of proof in this matter, our next inquiry is whether the referee's finding of the causal nexus between the alleged psychiatric disability and the back injury is supported by substantial evidence. To find the causation, the referee relied upon Dr. McGroarty's testimony which she summarized as follows:

He found that the claimant considered himself an extremely good worker and provider, as a mechanic, and that, from the claimant's point of view, the injury has taken those capabilities away from him. The doctor admitted that part of the claimant's present frustration is his desire for a settlement out of this case, and his rigid desire to become a

helicopter pilot. He also felt that part of the claimant's frustration with the first light duty job was his perception that he would not be able to advance as he would have been able to as a mechanic. The doctor further admitted that the claimant's personality style is of long standing, and he has been involved in confrontational situations in the past, including the use of threats to manipulate people to do what he wanted.... His opinion is ... that the claimant was not temperamentally well suited for work which requires him to be confined to an office setting at CMU.

Referee's Findings of Fact No. 12.

Additionally, Dr. McGroarty opined as follows concerning the cause of Claimant's psychiatric condition:

Q. And based on the history he gave you together with your treatment of him and your review of any records you might have had, what is your opinion to a reasonable degree of psychological certainty as to the cause of that diagnosis?

A. It appears that the psychological problems that he is experiencing are as a result of the process that he's gone through since especially this last and third time that he's been off work as a result of his back pain.

Q. And, specifically, what aspects of that situation do you feel have caused this problem? Has his back pain contributed?

A. The back pain has contributed to some extent, although I think the major cause of the psychological problems has been his perception that at one point in the process the insurance company and the university were not cooperating with him in his efforts to try to find an alternative career which enhances his self-esteem.

His feeling is that he's had years of training, years of experience, that he's put in time to be able to do a good job as a heating and air conditioning mechanic, and that he would like to try to develop another career which would

provide the same situation within the physical limitations that he has as a result of the back pain and injury.

Q. You think that's the cause?

A. I think that's the core cause of the anger and the depression.

Dr. McGroarty's Deposition, pp. 14–15.

Thus, according to Dr. McGroarty, the cause of Claimant's condition, i.e., anger, depression and frustration due to his inability to return to the pre-injury job and to pursue an alternative career as a helicopter pilot, resulted from his perception of the situations he was in, which has only an indirect relationship to his original physical injury itself. Further, it is undisputed that Claimant had a preexisting psychological condition. Consequently, Claimant had to prove that the work-related back injury *materially* contributed to his psychiatric disability. *Carpenter Technology Corp. v. Workmen's Compensation Appeal Board (Wisniewski)*, 144 Pa.Commonwealth Ct. 72, 600 A.2d 694 (1991). Dr. McGroarty's opinion that Claimant's back pain contributed "to some extent" to his psychiatric disability was insufficient to establish the causation. The fact that Claimant was not temperamentally well suited to work in an office setting is also not related to Claimant's physical injury itself.

Relying on *Textron, Inc.—Townsend Co. v. Workmen's Compensation Appeal Board (Morack)*, 105 Pa.Commonwealth Ct. 273, 523 A.2d 1216 (1987), Claimant contends that his preexisting psychological condition was aggravated by the back injury. In *Textron*, the claimant had previously been reinjured on four different occasions after the initial injury. On the morning he was scheduled to return to another position, he attempted suicide. The referee found that the claimant's genuine fear of returning to work exacerbated his underlying predisposition of depressive episodes. This Court upheld the referee's finding of causal relationship between the claimant's depression and the original back injury because the record amply supported the claimant's genuine fear of the

reinjury. In the matter *sub judice,* the referee did not find, and there is no allegation, that Claimant's psychological condition was aggravated by his fear of reinjury upon his return to work. Rather, Dr. McGroarty testified that Claimant's psychological conditions were caused by his perception of the situation, which is not related to the duties of his employment. Therefore, *Textron* is distinguishable and its holding is inapplicable to this matter.

Since Dr. McGroarty's testimony does not support the referee's finding of the causal relationship between the back injury and the psychiatric conditions, Claimant failed to establish the causation by unequivocal medical testimony, and his psychological reasons for refusing to accept Employer's offer of the second modified job was not work-related.

## IV.

An employer may rebut the claimant's proof of loss of earning power by establishing availability of work which the claimant was capable of performing. *Pieper; Todloski v. Workmen's Compensation Appeal Board (Supermarket Service Corp.),* 115 Pa.Commonwealth Ct. 138, 539 A.2d 517 (1988). Thus, a suspension of benefits is appropriate where a claimant has recovered from his work-related disability to the point where he can return to either his pre-injury job or alternative job with no loss of earnings and where such a job is actually available. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987); *Mancini's Bakery v. Workmen's Compensation Appeal Board (Leone),* 155 Pa.Commonwealth Ct. 641, 625 A.2d 1308 (1993).

Dr. Klein testified that on August 20, 1990, he signed a physical capacities assessment form for the scheduling board assistant/clerk position and that the requirements of that position appeared to fit within the physical restrictions he imposed upon Claimant. Because Claimant refused to accept

Employer's offer of the available light-duty job within his physical restrictions for the non-work-related psychological reasons, the referee's finding that Employer failed to offer available work within Claimant's medical limitations is not supported by substantial evidence. Hence, Claimant's total disability benefits must be suspended as of September 18, 1990, the date Claimant refused to accept the offered position.

Accordingly, the order of the Board is affirmed to the extent that it affirmed the referee's decision reinstating Claimant's total disability benefits for the 36.5 days that Claimant missed work while performing the duties of the physical plant service coordinator and until Claimant refused to accept the scheduling board assistant/clerk position on September 18, 1990; and is reversed to the extent that it affirmed the referee's decision denying Employer's petition for suspension of the benefits as of September 18, 1990.

## ORDER

AND NOW, this 28th day of June, 1994, the order of the Workmen's Compensation Appeal Board is affirmed to the extent that it affirmed the referee's reinstatement of the total disability benefits of Daniel Lenz for 36.5 days between April 18, 1990 and August 15, 1990 and until September 18, 1990; and is reversed to the extent that it affirmed the referee's denial of the petition for suspension of the benefits as of September 18, 1990.