**Luis MARTINEZ, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CONTAINER CORPORATION OF AMERICA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 12, 1996.

Decided May 21, 1996.

George D. Walker, Jr., for Petitioner.

Paul A. Pauciulo, for Respondent.

Before McGINLEY, FRIEDMAN, JJ., and KELTON, Senior Judge.

FRIEDMAN, Judge.

Luis Martinez (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (WCAB) affirming the decision of a Workers' Compensation Judge (WCJ) which granted the petition of Container Corporation of America (Employer) to suspend Claimant's workers' compensation benefits.

Claimant worked as a feedwater treater for Employer when, on January 27, 1992, Claimant sustained a work-related injury to his right hip and low back for which Employer filed a Notice of Compensation Payable and paid Claimant workers' compensation

benefits pursuant to the Pennsylvania Workers' Compensation Act (Act).[1] (WCJ's Finding of Fact, No. 1.)

On May 26, 1992, Employer filed a Suspension Petition, alleging that Claimant was able to return to work at his pre-injury wage as of March 20, 1992. Claimant filed a timely answer denying the material allegations of the petition, and hearings were held before a WCJ. (WCJ's Findings of Fact, Nos. 2–3.)

At the hearings, Claimant testified on his own behalf and presented the deposition testimony of Dennis Zaslow, D.O., and Maurice Romy, M.D. Dr. Zaslow testified that Claimant was totally disabled as a result of his work-related injury, which included two herniated discs that caused Claimant severe pain. (Deposition of Dr. Zaslow, May 24, 1993, at 15–17 and 21.) Dr. Zaslow also described the discectomy and laminectomy operations which were performed on Claimant's back in November 1992 in an attempt to relieve some of Claimant's pain from the herniated discs. (Deposition of Dr. Zaslow, May 24, 1993, at 16–17.)

Like Dr. Zaslow, Dr. Romy testified that Claimant had suffered a work-related injury in the nature of two herniated discs, which caused Claimant to be disabled and unable to return to his pre-accident employment. (Deposition of Dr. Romy, July 2, 1993, at 9 and 16–20.) Dr. Romy also opined that the treatment and surgeries Claimant underwent as a result of his back injury were reasonable and necessary. (Deposition of Dr. Romy, July 2, 1993, at 24–25.)

In support of its petition, Employer presented the deposition testimony of Paul Liebert, M.D., Stanley Askin, M.D., and Barbara Esbensen. Dr. Liebert testified that Claimant complained of severe pain in his low back but that his neurological examination was fully intact and bilaterally symmetric in both lower extremities, with no evidence of nerve root impingement or motor, neuro or sensation deficits. Dr. Liebert further stated that

Claimant had sustained a lumbosacral spine sprain, that Claimant was not a candidate for surgery in that regard, and that he could return to limited duty as of March 20, 1992.[2] (WCJ's Finding of Fact, No. 5.)

Dr. Askin testified that, as of his examination of Claimant on April 29, 1992, Claimant did not have any spasticity of the back muscles and did not have any painful nodules that were trigger points of bursitis or myofascitis. According to Dr. Askin, Claimant's complaints were consistent with degenerative disc disease of the lumbosacral spine, which was exacerbated by the January 1992 work injury, and, although Claimant was not fully recovered, he could return to light duty work. Dr. Askin also opined that the surgery performed on Claimant in November 1992 was unnecessary. (WCJ's Finding of Fact, No. 6.)

Esbensen, Employer's personnel assistant, testified that, pursuant to Dr. Liebert's medical report, Employer offered Claimant a light-duty position at Claimant's pre-injury wage as of April 1, 1992. (Deposition of Barbara Esbensen at 6 and Exhibit 1.) The light-duty job was essentially Claimant's pre-injury job with modifications to accommodate the restrictions placed upon him by Dr. Liebert. (WCJ's Finding of Fact, No. 7.)

Upon consideration of the evidence, the WCJ credited the testimony of Employer's witnesses and, concluding that Claimant was able to return to work at his pre-injury wage as of April 1, 1992, granted Employer's Suspension Petition. The WCJ also found as fact that Claimant's work injury did not involve disc herniation or radicular injury, and that the medical treatment which Claimant received from Drs. Zaslow and Romy in that regard was unreasonable and unnecessary. (WCJ's Findings of Fact, Nos. 8 and 9.) Claimant appealed to the WCAB, which affirmed the WCJ's decision.

 On appeal to this court,[3] Claimant first argues that, because Employer's Sus-

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1—1041.4.

2. Dr. Liebert testified that Claimant could lift a maximum of 20–25 pounds. (WCJ's Finding of Fact, No. 5.)

3. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Berks County*

pension Petition alleged only that Claimant was able to return to work and Employer did not challenge Claimant's medical expenses, the WCJ erred in finding that Claimant was not entitled to payment of medical bills.[4] After careful review of the record, we agree that the WCJ improperly addressed the issue of the Claimant's medical expenses.

Here, the only action before the WCJ was Employer's suspension petition; thus, the only issue properly before the WCJ was whether Claimant was able to return to work at his pre-injury wage, as alleged in that petition.[5] Because Employer did not file a petition questioning its liability for Claimant's medical expenses, the WCJ erred by addressing whether Claimant's medical treatment was reasonable, necessary and/or related to his work-related injury. *See Thomas v. Workmen's Compensation Appeal Board (School District of Philadelphia)*, 153 Pa. Cmwlth. 560, 621 A.2d 1192 (1993), *appeal denied* 538 Pa. 679, 649 A.2d 679 (1994). However, because the improperly made finding had no bearing on the WCJ's ultimate decision on the Suspension Petition, it does not preclude our review of the merits of the WCJ's conclusion and order to suspend Claimant's benefits.

■ With regard to the suspension itself, Claimant maintains that the WCAB erred in affirming the WCJ's conclusion that Claimant was able to perform modified work and that such work was available to Claimant. We disagree.

■ Regarding Claimant's substantial evidence challenge to the WCJ's findings

that Claimant was able to return to light duty work, we initially note that, in workers' compensation decisions, the WCJ is the ultimate fact-finder, and in this role, must assess credibility and resolve conflicts in testimony. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa. Cmwlth. 288, 572 A.2d 843 (1990). In doing so, the WCJ can accept or reject any testimony, including the medical opinion of one expert witness over that of another. *Stonebraker v. Workmen's Compensation Appeal Board (Seven Springs Farm, Inc.)*, 163 Pa. Cmwlth. 468, 641 A.2d 655 (1994).

Although Claimant's medical witnesses testified that Claimant had suffered herniated discs in his lower back which disabled him and prevented his return to work, Employer's medical witnesses testified that Claimant had suffered only a lumbar strain, and that Claimant was indeed able to return to work in a modified position despite any lingering symptoms. Addressing the conflicting medical testimony, the WCJ accepted the testimony of Employer's witnesses over that of Claimant's witnesses. Because the testimony of Drs. Liebert and Askin provides substantial evidence to support the WCJ's findings, we may not disturb those findings on appeal.[6]

■ Claimant next contends that the WCAB erred in affirming the WCJ's conclusion that modified work was available to Claimant because Employer failed to advise Claimant of the modified job's duties and physical requirements. It is well established that, to prove work availability, an employer

---

*Home v. Workmen's Compensation Appeal Board (Schnable)*, 145 Pa.Cmwlth. 582, 604 A.2d 767 (1992). Substantial evidence is such relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Benson v. Workmen's Compensation Appeal Board (Haverford State Hospital)*, 668 A.2d 244 (Pa.Cmwlth. 1995).

4. We note that, in fact, the WCJ never determined that Claimant was not entitled to payment of his medical expenses. Although the WCJ found the medical bills of Drs. Zaslow and Romy to be unreasonable, unnecessary and unrelated to Claimant's work injury, the WCJ did not draw any legal conclusion from this finding, and the

WCJ's order does not address Employer's liability for medical expenses.

5. Success on the suspension petition alone, however, would not relieve Employer from liability for Claimant's medical expenses. *Consolidated Freightways v. Workmen's Compensation Appeal Board (Jester)*, 145 Pa.Cmwlth. 369, 603 A.2d 291 (1992).

6. Although Claimant asserts that Employer's doctors' testimony was equivocal, we find no evidence of such equivocality in the record. To the contrary, each doctor clearly stated his diagnosis and the medical basis for it. The fact that Claimant's physicians reached different conclusions does not negate Employer's doctors' testimony or make it equivocal.

must show that it properly identified and notified a claimant of an open job within the claimant's physical capability. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). This notice must state that the position is within the claimant's medical restrictions and provide the claimant with a basic description of the job duties. *School District of Philadelphia v. Workmen's Compensation Appeal Board (Stutts)*, 145 Pa. Cmwlth. 413, 603 A.2d 682 (1992); *Four–Way Construction Company v. Workmen's Compensation Appeal Board (Snyder)*, 113 Pa.Cmwlth. 235, 536 A.2d 873 (1988). Here, Claimant alleges that Employer's letter offering him the modified job did not fulfill these requirements.[7] We disagree.

In both *Stutts* and *Four–Way*, the jobs to which the claimants were referred were not the claimants' pre-injury jobs but, rather, were jobs in other occupational areas that their employers determined were within the claimants' physical, vocational and educational limitations. The letters notifying the claimants in these cases were deemed insufficient because they did not contain adequate information about the jobs' duties and physical requirements to enable the claimants to determine whether the jobs were, in fact, within their capabilities. Here, however, the job to which Employer referred Claimant was Claimant's own job, modified to bring it within Claimant's physical restrictions as established by Dr. Liebert and laid out in the attachment to the letter. Therefore, although this letter did not specify the job category into which Claimant's regular job would fall after its modification (i.e. sedentary, light duty, etc.), Claimant was aware of the duties of the job and Employer had offered to modify those duties to comply with Claimant's physical restrictions; thus, Employer's letter was sufficient notice.

Accordingly, because Employer established that Claimant was able to return to an available job at his pre-injury wage, we must affirm the order of the WCAB.

## ORDER

AND NOW, this 21st day of May, 1996, the order of the Workmen's Compensation Appeal Board, at A94–1295, dated August 10, 1995, is affirmed.

**H.R. and R.R., Petitioners,**

v.

---

7. Employer's letter, dated March 25, 1992, provided in relevant part:

> We have received the report of Dr. Paul Liebert who has authorized your return to work in line with the attached medical restrictions.
>
> We have been able to modify your regular job of Feedwater Treater to accommodate these restrictions and this job at the hourly rate of $12.20 is available for your return to work on April 1, 1992.

(Deposition of Barbara Esbensen, March 25, 1992, Exhibit 1.)