**Richard LeDONNE C/O Michele Ledonne, Petitioner**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Graciano Corporation), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1996.

Decided Dec. 16, 1996.

Amiel B. Caramanna, Jr., Pittsburgh, for petitioner.

**892**

Dale A. Cable, Pittsburgh, for respondent.

Before DOYLE, and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

FLAHERTY, Judge.

Michelle M. LeDonne (Claimant), who is the surviving spouse of Decedent Richard C. LeDonne, appeals from an order of the Workmen's Compensation Appeal Board (Board), which dismissed as interlocutory Claimant's appeal from an order of a Workers' Compensation Judge (WCJ) requiring compliance with a subpoena to produce certain documents. We quash Claimant's appeal from the Board's order because it, too, is interlocutory.

 On May 6, 1993, Claimant filed a fatal claim petition after her husband was murdered while attending to the business of his employer, Graciano Corporation (Employer), outside of the Commonwealth. During hearings on Claimant's fatal claim petition, the WCJ issued a subpoena ordering the production of certain documents, including, *inter alia:* a lease/rental agreement for Claimant's residence; phone records for various months; all documents relating to two different life insurance policies from which Claimant received payment; federal, state and local tax records for the years 1991 through 1994; all bank account statements for the years 1991 through 1994; all documents containing information on various cars purchased by Claimant; and documents containing information related to Claimant's intended purchase of a new home. Claimant was subsequently arrested for the murder of her husband and extradited to New Jersey, where she remains incarcerated pending trial for homicide. Claimant's counsel objected to the release of the subpoenaed information as violative of Claimant's right against self-incrimination and requested that the case be placed on inactive status until the resolution of the criminal proceedings. The WCJ, by an order specifically stating it was an "interlocutory order," overruled all objections, ordered the production of the requested documents and overruled the request to place the matter on the Bureau's "third party inactive file" while the criminal case is pending. Claimant appealed to the Board, which dismissed Claimant's appeal, finding that the WCJ's order was interlocutory and not appealable and that the WCJ did not err in failing to place the case on inactive status. Claimant then filed an appeal to this court, in response to which Employer filed a motion to quash on the basis that Claimant was continuing to appeal from an interlocutory order. We initially denied Employer's motion to quash by order dated July 23, 1996; however, we subsequently vacated the July 23 order *sua sponte* and directed that the motion to quash be listed for argument at the same time as argument on the merits of the petition for review. The matter is now before us for review.[1]

 Under Section 763(a) of the Judicial Code, this court's appellate jurisdiction over decisions by Commonwealth agencies is limited to final orders. 42 Pa.C.S. § 763(a). Pennsylvania Rule of Appellate Procedure 341(b), which defines a final order, provides as follows:

> **Definition of Final Order.** A final order is any order that:
>
> (1) disposes of all claims or of all parties; or
>
> (2) any order that is expressly defined as a final order by statute; or
>
> (3) any order entered as a final order pursuant to subsection (c) of this rule [permitting entry of a final order as to less than all of the claims or parties upon the express determination by a court or governmental unit that an immediate appeal would facilitate resolution of the entire case].

Pa. R.A.P. 341(b). Here, the order of the Board is not expressly defined as final by statute, and the Board did not enter it as final with respect to any claim or party.

---

1. Our standard of review is whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Carnegie Mellon University v. Workmen's Compensation Appeal Board,* 165 Pa.Cmwlth. 392, 645 A.2d 389, 391 n. 1 (1994), *petition for allowance of appeal denied,* 542 Pa. 675, 668 A.2d 1137 (1995).

Moreover, because the order only relates to matters preliminary to a hearing in the discovery sense and Claimant's fatal claim petition is still pending before the WCJ, the order of the Board did not dispose of all claims or all parties as her case has not yet been resolved within the Workers' Compensation system. As such, the Board's order is interlocutory and is not final within the meaning of Pa. R.A.P. 341.

■ Without citation to any authority whatsoever, Claimant argues on appeal that, although the order of the WCJ is interlocutory on its face, the orders of the WCJ and the Board are "final in nature because they involve a controlling question of law, and therefore an immediate appeal of the Order would materially advance the ultimate disposition of this matter." (Claimant's Br. p. 7.) As such, Claimant appears to argue that the orders of the WCJ and the Board, although interlocutory, are appealable by permission under 42 Pa.C.S. § 702(b).[2] However, Claimant did not request the Board to certify the order in question for interlocutory appeal as required by Section 702 of the Judicial Code, 42 Pa.C.S. § 702, and the Board has not certified it for such. Moreover, Claimant does not allege that the question of law involved is one as to which there is substantial ground for difference of opinion or that the Board believed it to be so, which is required by Section 702(b). As such, the Board's order is not appealable by permission.

Accordingly, Claimant's appeal from the order of the Board is quashed as the order is interlocutory in nature.

## ORDER

AND NOW, December 16, 1996, Petitioner's appeal from the order of the Workmen's Compensation Appeal Board, at No. A95–3025, dated February 29, 1996, is hereby quashed.

---

**2.** Section 702(b) provides as follows:

**Interlocutory appeals by permission.**—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S. § 702(b).