**WAWA, Petitioner**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (SELT-ZER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 7, 2008.
Decided May 22, 2008.
Reargument Denied July 15, 2008.

William L. Foley, Jr., Media, for petitioner.

Linda Bobrin, Newtown, for respondent.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SIMPSON.

WAWA (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a remand decision of a Workers' Compensation Judge (WCJ) granting John Seltzer's (Claimant) challenge to a notification of modification (NOM) issued by Employer pursuant to Section 413(d) of the Workers' Compensation Act (Act).[1] Employer argues the WCJ's finding that Claimant timely challenged the NOM is not supported by substantial evidence. We affirm.

In November 1992, while working at Employer's store, Claimant sustained a work-related back injury, described as an exacerbation of a pre-existing herniated disc at L5–S1. In October 2001, a WCJ granted Claimant total disability benefits.[2]

On November 22, 2004, Claimant returned to work for Employer earning less than his pre-injury wage. The same day, Employer issued a NOM alleging Claimant was only entitled to partial disability benefits. Claimant worked on November 22, but did not return to work after this date due to pain.

On December 20, 2004, Claimant filed a challenge to the NOM with the Department of Labor and Industry, Bureau of Workers' Compensation (Department). Employer subsequently filed a petition to modify benefits with the Department, alleging it offered Claimant a job within his physical and vocational capabilities.

1. Act of June 2, 1915, P.L. 736, *as amended,* *added by* the Act of June 24, 1996, P.L. 350, 77 P.S. § 774.3. Section 413(d) of the Act provides as follows:

> Notwithstanding any provision of this act, an insurer may modify the compensation payments made during the time the employe has returned to work at earnings less than the employe earned at the time of the work-related injury, upon written notification of modification by the insurer to the employe and the department, on a form prescribed by the department for this purpose. The notification of modification shall include an affidavit by the insurer that compensation has been modified because the employe has returned to work at lesser earnings. The insurer must mail the notification of modification to the employe and the department within seven days of the insurer's modifying compensation.
>
> (1) If the employe contests the averments of the insurer's affidavit, a special supersedeas hearing before a workers' compensation judge may be requested by the employe indicating by a checkoff on the notification form that the modification of benefits is being challenged and filing the notification

> of challenge with the department within twenty days of receipt of the notification of modification from the insurer. The special supersedeas hearing shall be held within twenty-one days of the employe's filing of the notification of challenge.
>
> (2) If the employe does not challenge the insurer's notification of modification within twenty days under paragraph (1), the employe shall be deemed to have admitted to the return to work and receipt of wages at lesser earnings as alleged by the insurer. The insurer's notification of modification shall be deemed to have the same binding effect as a fully executed supplemental agreement for the modification of benefits.

2. In a 1995 decision, a WCJ denied Claimant's petition for benefits against Employer, finding a previous employer liable. On appeal, the Board took notice of new evidence and remanded to a WCJ for additional proceedings. Upon review in 2001, a WCJ ordered Employer to pay Claimant total disability benefits. *See* Reproduced Record (R.R.) at 97a.

A WCJ hearing ensued, where the parties presented evidence on whether Claimant could return to light-duty work. After the hearing, the WCJ rejected Employer's evidence and accepted all evidence demonstrating Claimant remains totally disabled. The WCJ did not address whether Claimant filed a timely challenge.[3] Nevertheless, the WCJ granted the challenge and denied the modification petition.

On appeal to the Board, Employer argued Claimant filed an untimely challenge. As a result, the NOM became a supplemental agreement by operation of law, rending the modification petition moot. Upon review, the Board issued a decision remanding the matter to the WCJ, providing:

> The [WCJ] was required to make dispositive findings concerning the date Claimant received the notification because the Act specifies that the time period to file [a] challenge runs from the date of ... receipt of the notification. Claimant acknowledged in brief to us that the notice was mailed to him on November 22, 2004. However, as we cannot make findings of fact, we must vacate the Decision and Order and remand the matter to the [WCJ] for a specific determination on this issue and appropriate disposition of all matters before him which may be impacted by his determination. In this respect we note that a 413 Notice which is not timely challenged becomes a supplemental agreement by operation of law.

Bd. Op., 9/18/2006, at 3–4. The Board remained silent on whether the WCJ should hold further hearings to clarify the timeliness issue.

On remand, the record remained closed; however, the parties presented oral argument before the WCJ. Following argument, the WCJ determined Claimant received the NOM on November 29, 2004 and, therefore, Claimant timely challenged the NOM within 20 days of receipt. As in his previous order, the WCJ granted the challenge and denied Employer's modification petition.

On appeal to the Board, Employer argued the WCJ's finding that Claimant received the NOM on November 29, 2004 was not supported by substantial evidence. Concluding the WCJ's finding was supported, the Board affirmed.

Initially, we recognize that Section 413(d) of the Act, 77 P.S. § 774.3(d), provides an employer may modify compensation payments during the time a claimant returned to work at lesser earnings, upon written notification to the Department and the claimant within seven days. Section 413(d) of the Act also provides a procedure for a claimant to challenge a modification notice. To that end, a claimant may contest the averments of the modification notice by filing a notification of challenge with the Department within 20 days of his receipt of the modification notification. 77 P.S. § 774.3(d)(1). Notably, however, if a claimant fails to timely challenge the modification notice, he is deemed to have returned to work at wages less than the pre-injury wage and the modification notice is given the legal effect of an executed supplemental agreement. 77 P.S. § 774.3(d)(2).

 On appeal,[4] Employer asserts the WCJ's determination that Claimant filed

---

The evidentiary hearing transcript reveals Employer did not argue Claimant filed an untimely challenge or otherwise develop its argument on this issue before the WCJ. *See* R.R. at 145a–175a.

4. Our review is limited to determining whether an error of law was committed, necessary findings were supported by substantial evidence or constitutional rights were violated. *Johnson v. Workers' Comp. Appeal Bd. (Abing-*

the challenge notification within 20 days of receipt of the NOM is based on mere speculation and, therefore, is not supported by substantial evidence.[5] Because Claimant allegedly filed an untimely challenge, Employer requests this Court to reverse the Board's order and place Claimant on partial disability benefits pursuant to the NOM.

In particular, Employer takes issue with the following findings:

13. Neither party offered evidence that clearly supported the actual date of receipt by [Claimant] of the [NOM] sent by [Employer] on November 22, 2004.

14. The Judge is persuaded by [Claimant's] argument that it was likely that Claimant did not receive this notification until some date after November 22, 2004. The Judge notes that November 25, 2004 was a Thanksgiving Day Holiday and the mail was sent from Pennsylvania to [Claimant's] residence in Virginia. The Judge has determined that it is therefore most likely that [Claimant] received this document on November 29, 2004, the Monday following [the] Thanksgiving Day Holiday weekend. Accordingly, [Claimant] then challenged this Petition on December 20, 2004 within twenty days of his receipt of the [NOM]. . . .

WCJ Op., 3/5/2007, Finding of Fact (F.F.) Nos. 13–14. Upon review, we agree with the Board's determination to affirm these findings, wherein it provides:

the [WCJ] had a reasonable basis upon which to conclude that the [NOM] was not received on the day it was mailed and because it was mailed out of state, and with the intervening Thanksgiving holiday weekend, was not received until November 29, 2004.

Bd. Op., 12/7/2007, at 3.

■ More specifically, in performing a substantial evidence analysis, this Court must view the evidence in a light most favorable to the party who prevailed before the fact-finder. *Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison)*, 819 A.2d 164 (Pa.Cmwlth.2003). Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the fact-finder's decision in favor of that prevailing party. *Id.*

■ Here, we conclude the WCJ's findings are supported by substantial evidence. In particular, the following seven circumstances support the inference drawn by the WCJ about the date of receipt:

1) The NOM is dated and notarized November 22, 2004; and

2) No party offered direct proof of the place, time or manner of mailing of the NOM, facts particularly available to Employer; and

3) No party offered proof of business custom as to mailing of the NOM, facts particularly available to Employer; and

4) No party proved where the NOM was notarized, and the place of notarization cannot be ascertained from the face of the

---

ton Mem'l Hosp.), 816 A.2d 1262 (Pa.Cmwlth. 2003). Substantial evidence is such relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Bell's Repair Serv. v. Workers' Comp. Appeal Bd. (Murphy, Jr.)*, 850 A.2d 49 (Pa.Cmwlth.2004). In performing a substantial evidence analysis, we must view the evidence, and every reasonable inference deducible from the evidence, in a light most favorable to the prevailing party.

*Birmingham Fire Ins. Co. v. Workmen's Comp. Appeal Bd. (Kennedy)*, 657 A.2d 96 (Pa. Cmwlth.1995).

5. Employer couches its argument in terms of whether the WCJ improperly took judicial notice of facts. However, Employer's assertion essentially contests whether the WCJ's findings are supported by substantial evidence.

NOM, a fact particularly available to Employer, *see* Reproduced Record (R.R.) at 186a; and

5) The third day after the date of the NOM was Thanksgiving, a holiday; and

6) The NOM was sent by some means to Virginia Beach, Virginia; and

7) No party offered direct evidence of the date of receipt, although both parties had an equal opportunity to inquire of Claimant regarding this issue, *see* R.R. at 149a–74a.

Thus, the unascertained beginning point for the document's travel, the unknown time-of-day and manner of mailing, the uncertain distance to be covered by the document, the ultimate out-of-state destination, the intervening holiday, and the lack of direct evidence to the contrary combine to support the WCJ's inference of receipt. *Waldameer Park, Inc.*

Based on the foregoing, the Board is affirmed.[6]

### ORDER

AND NOW, this 22nd day of May, 2008, the order of the Workers' Compensation Appeal Board is **AFFIRMED.**

---

**6.** Continuing to advance the theory the NOM became a binding supplemental agreement, Employer argues Claimant failed to establish a right to reinstatement of total disability benefits. Given our resolution above, we need not address this issue.