### John LECA, Petitioner

### v.

### WORKERS' COMPENSATION APPEAL BOARD (PHILADELPHIA SCHOOL DISTRICT), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 26, 2011.
Decided March 7, 2012.

---

Thomas F. Sacchetta, Media, for petitioner.

Stephanie R. Coleman, Philadelphia, for respondent School District of Philadelphia.

BEFORE: PELLEGRINI, Judge,[1] and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

John Leca (Claimant) petitions for review of the March 24, 2011, order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ) to grant the Petition for Review of Utilization Review Determination (UR Petition) filed by the Philadelphia School District (Employer). We affirm.

On April 14, 2004, Claimant sustained a low back injury while trying to break up a fight in the course of his duties as a school police officer. Employer accepted liability for the injury and issued a Notice of Compensation Payable. In March 2008, Employer filed a utilization review request to determine the reasonableness and necessity of Claimant's chiropractic care beginning February 14, 2008, and ongoing. Eric Auslander, D.C., the Utilization Review Organization reviewer, found that the chiropractic treatment at issue, provided by Raymond J. Kent, D.C., from February 14, 2008, forward, was reasonable and necessary.

On June 27, 2008, Employer filed the UR Petition, which was assigned to the WCJ for hearings. In support of its petition, Employer submitted the October 17, 2007, independent medical examination (IME) report of Robert Mannherz, M.D., an orthopedic surgeon, which set forth Claimant's medical history as well as Dr. Mannherz's notes from his examination of Claimant and his review of Claimant's

---

1. This case was assigned to the opinion writer before January 7, 2012, when Judge Pellegrini became President Judge.

medical records. (Reproduced Record (R.R.) at 43a–48a.) Dr. Mannherz diagnosed Claimant with low back syndrome with extensive degenerative disc disease at L4–5 and lumbar spinal stenosis with bilateral lumbar radiculopathies. He opined that, as of the date of his examination, Claimant continued to experience symptoms related to his work injury and was not able to return to work in any capacity.

Dr. Mannherz noted that, at that time, Claimant was seeing Dr. Kent six days a week for chiropractic treatment, which included using a "Back Revolution machine" and electrical stimulation along with chiropractic manipulation two days a week. Dr. Mannherz stated that Claimant experienced some temporary relief with the chiropractic treatment but no overall improvement in his pain complaints. (R.R. at 44a.)

According to Dr. Mannherz's report, Claimant has pain localized in the center of his back that radiates up his back and down both legs. He has constant numbness in all of the toes of his right foot and the great toe and second toe of his left foot. Claimant cannot stand or walk in an upright position, and he cannot walk more than 100 feet using a cane. Claimant can sit only for a few minutes. He sleeps prone, leaning over a wedge, and cannot sleep flat or supine. Claimant reported that his pain is constant, ranging on a scale of 0–to–10 up to 10 and averaging 7. (R.R. at 44a–45a.)

Dr. Mannherz concluded that Claimant is a candidate for surgical treatment such as lumbar fusion or disc replacement surgery for relief of his pain. He further determined that ongoing chiropractic treatment could not be justified due to the lack of improvement in Claimant's condition. (R.R. at 48a.)

In addition, Employer submitted the September 11, 2008, medical report of Elizabeth Genovese, M.D., who also is an orthopedic surgeon. (R.R. at 35a–42a.) Dr. Genovese reviewed Claimant's records, including an injury report and medical records dating from May 4, 2004, to Dr. Mannherz's IME report of October 17, 2007. Dr. Genovese did not review any of Dr. Kent's records. However, her report details her review of records from other providers reflecting that Claimant's condition did not improve in any discernable way during that three and a half year period. For example, Dr. Genovese cites a March 16, 2005, letter from a Dr. Smith to Dr. Kent, indicating that Claimant was not getting better despite medications, adjustments and therapy, and she notes that Dr. Smith's examinations of Claimant on January 8, 2007, June 25, 2007, and September 27, 2007, revealed that Claimant's condition was much the same, with some pain getting worse. Based on her review of Claimant's records, Dr. Genovese concluded that no further treatment with passive modalities, chiropractic care, or physical therapy was justified as of the end of 2007. In fact, Dr. Genovese stated that no treatment with any of these interventions was justified as of the end of 2005; she explained that the primary use of such treatment is to further patient participation in activities aimed at restoring function, and that, in the absence of objective evidence that such treatment is leading to an increase in function, continued treatment would not be reasonable. (R.R. at 42a.)

Claimant did not testify at the hearing but submitted the utilization review determination of Dr. Auslander. (R.R. at 28a–33a.) Dr. Auslander reviewed records from Dr. Kent of treatment provided to Claimant from his initial evaluation on December 7, 2004, through February 13, 2008, specifically noting that that period included 450 dates of service, and records of treatment for the period beginning Febru-

ary 14, 2008, through April 15, 2008. (R.R. at 29a–30a.) Dr. Auslander noted that a diagnostic impression is not explicitly documented in the records under review but that "chronic low back pain is inferred." (R.R. at 31 a.) Dr. Auslander determined that the records reflected the failure of alternative approaches as well as evidence that the chiropractic treatment was preventing regression or increased reliance on medications. While observing that the treatment at issue "extends well beyond the typically observed standards of care[ ]," he concluded that the documented subjective complaints of pain and positive objective findings supported the treatment under review. (R.R. at 31a, footnote omitted.)

The WCJ issued a determination on May 21, 2009, granting Employer's UR Petition. The WCJ found the reports of Dr. Genovese and Dr. Mannherz credible and persuasive and was not persuaded by the utilization reviewer's opinion.[2] The WCJ found that Drs. Genovese and Mannherz were highly qualified to render an opinion in this case, adding that Dr. Mannherz was in a better position than the utilization reviewer to render an opinion concerning the reasonableness and necessity of the chiropractic treatment since Dr. Mannherz had conducted a physical examination of Claimant. Claimant appealed to the Board, which affirmed the WCJ's decision. Claimant now appeals to this Court.

Initially, we note that once a compensable work injury is proved or acknowledged, the employer bears the burden to establish through the utilization review process that medical expenses are unnecessary or unreasonable. *Thomas v. Workers' Compensation Appeal Board (School District of Philadelphia)*, 153 Pa.Cmwlth. 560, 621 A.2d 1192 (1993). Utilization review is performed by a reviewer who is licensed by the Commonwealth in the same profession and with the same specialty as the provider whose treatment is under review. Section 306(f.1)(6) of the Workers' Compensation Act (Act);[3] 34 Pa.Code § 127.466. The report generated by the reviewer becomes part of the record, and the WCJ shall consider the report as evidence but will not be bound by it. Section 306(f.1)(4) of the Act, 77 P.S. § 531(6)(4); 34 Pa.Code § 127.556. "[T]he employer bears the burden of proof throughout the utilization review process to prove that the disputed treatment is not reasonable and necessary." *CVA, Inc. v. Workers' Comp. Appeal Bd. (Riley)*, 29 A.3d 1224, 1229 n. 8 (Pa.Cmwlth.2011).

On appeal to this Court,[4] Claimant first argues that the WCJ erred in relying on Employer's medical experts because neither reviewed records related to chiropractic treatment beginning February 14,

---

**2.** It is well settled that the WCJ is the ultimate fact finder and is empowered to determine witness credibility and evidentiary weight. *Griffiths v. Workers' Compensation Appeal Board (Red Lobster)*, 760 A.2d 72, 76 (Pa. Cmwlth.2000). The WCJ is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses. *Id.* Unless made arbitrarily or capriciously, a WCJ's credibility determinations will not be disturbed on appeal. *Dorsey v. Workers' Compensation Appeal Board (Crossing Construction Co.)*, 893 A.2d 191, 195 (Pa.Cmwlth. 2006).

**3.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(6)(i).

**4.** Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Sysco Food Services of Philadelphia v. Workers' Compensation Appeal Board (Sebastiano)*, 940 A.2d 1270 (Pa. Cmwlth.2008).

2008, i.e., the period of treatment under review. Claimant relies on the holding in *Brookside Family Practice v. Workers' Compensation Appeal Board (Heacock)*, 897 A.2d 539 (Pa.Cmwlth.2006), to support his argument.

In *Brookside*, a spinal cord stimulator was implanted in the claimant in November 2003, and, in December 2003, the employer challenged the reasonableness and necessity of that procedure. The utilization review organization, through its medical reviewer, Nathan Schwartz, M.D., concluded that the placement of the spinal cord stimulator was reasonable and necessary. The employer then filed a petition for review of the utilization review determination. At hearings before the WCJ, the employer offered into evidence the deposition testimony of two physicians taken in December 2002 and January 2003 during litigation of a review petition. During their depositions, both physicians testified that a trial spinal cord stimulator had been implanted in the claimant in April 2002; both agreed that the 2002 procedure was not helpful; and one opined that any further intervention would not be reasonable or necessary.

In opposition to the employer's petition, the claimant relied on the utilization reviewer's report, in which Dr. Schwartz stated that the November 10, 2003, placement of the spinal cord stimulator was reasonable and necessary. In support of his opinion, Dr. Schwartz cited medical records reflecting that more conservative treatment had failed and that the claimant had experienced relief from pain following the November 2003 procedure.

The WCJ rejected Dr. Schwartz's utilization review determination and credited the testimony of the employer's medical experts to find that the November 2003 placement of the spinal cord stimulator was not reasonable or necessary. On appeal, however, the Board reversed, reasoning that the WCJ's findings were not supported by substantial evidence because the employer did not offer any evidence related to the specific procedure under review, i.e., the November 2003 procedure. On further appeal, this Court affirmed the Board's decision. Quoting the Board's opinion, we explained that, although evidence of a prior procedure might be relevant in assessing the reasonableness and necessity of more recent treatment,

> [a] WCJ should not infer a lack of reasonableness and necessity for the present treatment based solely on less than satisfactory results from a prior procedure. It may be that the more current procedure contemplates certain changes to better achieve more successful results. Consequently, we conclude that medical testimony that does not address the specific treatment under review will not support a finding that such treatment is not reasonable or necessary. . . .

*Id.* at 542 (citation omitted). Accordingly, we held that because the employer did not present any evidence related to the 2003 procedure, the employer failed to satisfy its burden of proof.

We conclude that the facts in this case are distinguishable and, therefore, that Claimant's reliance on *Brookside* is misplaced. Unlike the two separate procedures in *Brookside* involving the implantation of a device, the medical treatment at issue here, which began in December 2004, was repetitive and ongoing in nature. Here, both of Employer's medical experts addressed the specific chiropractic treatment currently under review, and both physicians credibly and persuasively opined that, having reviewed numerous records related to the ongoing chiropractic treatment, further treatment after October 17, 2007, could not be justified based on the lack of evidence that such care was

resulting in increased function or decreased pain. Accordingly, we reject Claimant's contention that our holding in *Brookside* renders Employer's evidence insufficient to meet Employer's burden in this case.

Moreover, section 306(f.1)(6) of the Act specifically contemplates prospective utilization review of health care treatment, stating as follows:

> The reasonableness or necessity of all treatment provided by a health care provider under this act *may be subject to prospective, concurrent or retrospective utilization review* at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review....

77 P.S. § 531(6)(i) (emphasis added).

■ Claimant next argues that the expert opinions of Drs. Genovese and Mannherz should not have been considered because they are orthopedic surgeons and not chiropractors, as required in this case by the plain language of section 306(f.1)(6)(i) of the Act. However, section 306(f.1)(6)(i) applies only to the initial utilization review by an authorized utilization review organization. There is no corresponding requirement in section 306(f.1)(6)(iv) of the Act,[5] which governs a challenge to the utilization review determination. In the absence of such a requirement, we follow the general rule that a physician is competent to testify in specialized areas of medicine, even though the physician is neither a specialist, nor certified in those fields. *Wood v. Workers' Compensation Appeal Board (Country Care Private Nursing)*, 915 A.2d 181, 187 (Pa.Cmwlth.2007); *Marriott Corporation v. Workers' Compensation Appeal Board (Knechtel)*, 837 A.2d 623, 629 (Pa.Cmwlth. 2003). Therefore, we conclude that the WCJ did not err in considering the expert opinions of Drs. Genovese and Mannherz.

Finally, Claimant argues that Employer's contest of the utilization review was unreasonable. We disagree.[6] More important, section 440 of the Act provides for an award of costs, including attorney fees, to a claimant "in whose favor the matter at issue has been finally determined in whole or in part...." 77 P.S. § 996. Because Claimant did not prevail on any contested issue, he is not entitled to an award under section 440 of the Act. *Watson v. Workers' Compensation Appeal Board (Special People in Northeast)*, 949 A.2d 949 (Pa. Cmwlth.2008).

Accordingly, we must affirm.

---

5. In its entirety, section 306(f.1)(6)(iv) of the Act, 77 P.S. § 531(6)(iv), states as follows:

> If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report. The department shall assign the petition to a [WCJ] for a hearing or for an informal conference under section 402.1 [77.P.S. § 711.1]. The utilization review report shall be part of the record before the [WCJ]. The [WCJ] shall consider the utilization review report as evidence but shall not be bound by the report.

6. Specifically, Claimant complains that, at the time Employer filed its petition, it had no evidence in its possession constituting a reasonable basis for challenging the utilization review determination. However, Claimant acknowledges that Employer did have Dr. Mannherz's October 17, 2007, IME report, and, having determined that the WCJ properly relied on the IME report, we conclude that the report establishes a reasonable contest for Employer's challenge.

### ORDER

AND NOW, this 7th day of March, 2012, the order of the Workers' Compensation Appeal Board, dated March 24, 2011, is affirmed.