## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wilner Dorvilus,                                     :
                              Petitioner             :
                                                     :
              v.                                     :   No. 2387 C.D. 2015
                                                     :   Submitted: May 20, 2016
Workers' Compensation Appeal                         :
Board (Cardone Industries),                          :
                              Respondent             :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                          **FILED: July 27, 2016**

Wilner Dorvilus (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed the order of a Workers' Compensation Judge (WCJ) denying his petition to review a utilization review (UR) determination. Claimant argues the WCJ applied the wrong legal standard for assessing whether treatment was reasonable and necessary. He further asserts the WCJ's findings were not supported by substantial evidence. Claimant also contends the WCJ did not render a reasoned decision. Upon review, we affirm.

## I. Background

Claimant sustained a back injury while working for Cardone Industries (Employer) in September 1999. Based on a prior adjudication, Employer is liable for Claimant's reasonable and necessary medical care related to that injury. Relevant here, Employer filed UR requests involving Claimant's treatment with Drs. Curtis

Riffle, Anthony DeEugenio and Mario DiPrinzio, all chiropractors with Philadelphia Pain Management (collectively, Providers). Claimant suffers from bilateral low back pain, with pain and numbness in both legs. He was diagnosed with lumbar disc herniations, lumbosacral radiculopathy, lumbar facet syndrome and myalgia. Providers treat Claimant with physical therapy, including chiropractic manipulation, electrical stimulation, hot and cold packs, supervised rehabilitative exercise, strengthening, flexion and distraction, and walking on a treadmill for 10-15 minutes per visit. Since July 2010, Claimant received treatment from Providers two to three times per week.

In early 2013, Employer submitted a UR seeking a review of all treatment by Providers from January 4, 2013 and ongoing. In April 2013, the independent UR reviewer, Dr. Thomas Bickel, D.C., (Reviewer), issued a UR Determination finding the physical therapy treatment provided at the frequency of two to three times per week was unreasonable and unnecessary. However, Reviewer indicated treatment at a frequency of two to three times per month as needed would be reasonable and necessary.

Providers filed petitions for review of the UR Determination. A WCJ held a hearing. Claimant testified the treatment was necessary, and he believed it brought him relief. Providers each submitted a report recommending continued treatment at the current frequency. Reviewer opined Providers' treatments were unreasonable and unnecessary because Claimant received hundreds of treatments since 2010, and according to the treatment notes, his pain remained at a 9-10,

2

indicating he did not experience relief. Reviewer recommended a trial period of no treatment to discern whether Claimant's condition would deteriorate.

The WCJ denied the petition to review the UR Determination and determined Employer was not responsible for paying the bills for Providers' treatment from January 4, 2013 and ongoing. The WCJ credited the opinion of Reviewer over that of Providers. She specifically rejected Claimant's testimony that he "feels better" because it was inconsistent with the treatment notes Providers recorded at the time of treatment. WCJ Op., 1/7/15, Finding of Fact (F.F.) No. 10. She noted that despite receiving treatment for more than two years, the treatment notes reflect Claimant did not experience significant improvement either subjectively or objectively as he continued to experience pain at the 9-10 level. F.F. No. 9. Providers appealed.

Ultimately, the Board affirmed, reasoning the findings were supported by the record. The Board concluded the WCJ's opinion was well-reasoned and she explained her credibility determinations. Claimant filed a petition for review.

## II. Discussion

On appeal,[1] Claimant argues the Board erred in affirming the WCJ when her findings were not supported by substantial evidence, and she did not apply the proper legal standard. He asserts the WCJ erred in requiring improvement in his

---

[1] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger), 38 A.3d 1037 (Pa. Cmwlth. 2011).

condition as a prerequisite for finding the treatment necessary. The WCJ thus discounted the palliative effects of his treatment. He also contends the WCJ did not offer a reasoned explanation for not crediting his testimony regarding his pain.

## A. Legal Standard

A determination of the reasonableness and necessity of treatment must be made pursuant to Section 306(f.1)(6) of the Workers' Compensation Act (Act).[2] Howrie v. Workers' Comp. Appeal Bd. (CMC Equip. Rental), 879 A.2d 820 (Pa. Cmwlth. 2005). While a WCJ must consider a reviewer's report, she is not bound by it. Section 306(f.1)(4) of the Act, 77 P.S. §531(6)(4). An employer bears the burden of proving the disputed treatment is not reasonable or necessary throughout the UR proceeding. CVA, Inc. v. Workers' Comp. Appeal Bd. (Riley), 29 A.3d 1224 (Pa. Cmwlth. 2011).

"Treatment may be considered reasonable and necessary even if it is palliative in nature, i.e., is only designed to manage the claimant's symptoms rather than to cure or permanently improve the underlying condition." Haynes v. Workers' Comp. Appeal Bd. (City of Chester), 833 A.2d 1186, 1189 (Pa. Cmwlth. 2003). Rather than focusing on the curative effect, when treatment is palliative, the question becomes whether a "[c]laimant still suffers from pain and whether [the] [p]rovider's treatment is relieving that pain." Howrie, 879 A.2d at 822 (quoting Trafalgar House & St. Paul Fire & Marine Ins. v. Workers' Comp. Appeal Bd. (Green), 784 A.2d 232, 235 (Pa. Cmwlth. 2001)).

---

[2] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §531(6).

4

Here, Claimant maintains the WCJ evaluated the reasonableness of his treatment under a curative standard, based on improvement in his condition, rather than a palliative standard, whereby pain alleviation is the goal. We disagree.

The WCJ here properly considered whether the treatment was effective in reducing Claimant's pain. She noted Reviewer reviewed Providers' records, as well as other physicians' records, to assess Claimant's reported pain levels. In 2012, Claimant rated his pain as 8-9 out of 10 according to Reviewer's report. F.F. No. 2(b). According to Dr. Riffle's treatment notes, Claimant rated his pain in his back and legs as ranging from 9 out of 10, to 10 out of 10. F.F. No. 2(d). Similarly, the treatment notes of Drs. DePrinzio and DeEugenio reflect Claimant's reported pain levels were 8-9 out of 10. F.F. Nos. 2(e), 2(f), 9.

The WCJ recognized the treatment was designed for "palliative relief," repeatedly using that phrase. See F.F. Nos. 6-9. Ultimately, however, the WCJ credited Reviewer's report, finding:

> [t]he daily treatment notes and re-evaluation findings fail to document that Claimant's condition is improving significantly with this treatment. He continues to present with significant levels of pain in his lumbar spine and continued positive orthopedic findings. Chiropractic literature indicates that there should be some measurable clinical improvement objectively or subjectively to justify the need for continued care.

F.F. No. 2(i) (emphasis added).

In determining whether palliative care is reasonable and necessary, a WCJ may consider lack of progress in pain improvement. Womack v. Workers' Comp. Appeal Bd. (Sch. Dist. of Phila.), 83 A.3d 1139 (Pa. Cmwlth. 2014). A WCJ may find palliative treatment unreasonable and unnecessary based on a reviewer's report. Howrie.

The WCJ here determined the treatment under review was unreasonable and unnecessary because it did not have an appreciable effect on Claimant's pain. In so doing, she applied the proper legal standard. Womack. The Board agreed. Therefore, we decline to disturb the Board's decision on this basis.

### B. Substantial Evidence

Next, we consider Claimant's contention that the WCJ's findings regarding Claimant's pain levels were unsupported by the record. In essence, he criticizes the WCJ for relying on the medical records instead of his testimony. From our review, the WCJ's findings are supported by substantial evidence.

Substantial evidence is "such relevant evidence a reasonable mind might accept as adequate to support a conclusion." WAWA v. Workers' Comp. Appeal Bd. (Seltzer), 951 A.2d 405, 407 n.4 (Pa. Cmwlth. 2008). "[I]n performing a substantial evidence analysis, this Court must view the evidence in a light most favorable to the party who prevailed before the fact-finder." Id. at 408.

A reviewer's report constitutes evidence. <u>Leca v. Workers' Comp. Appeal Bd. (Phila. Sch. Dist.)</u>, 39 A.3d 631 (Pa. Cmwlth. 2012). As such, the contents of the report, if accepted, are adequate to support the WCJ's conclusion.

Further, a WCJ may accept the opinion of the reviewer as more credible than that of a treating physician. <u>Howrie</u>. A WCJ is free to accept or reject the testimony of any witness, including a claimant, in whole or in part. <u>See</u> <u>Womack</u>. Such credibility determinations are binding on appeal. <u>Howrie</u>.

Claimant contends <u>Howrie</u> and <u>Womack</u> do not govern this case. He argues that, unlike the WCJ's findings here, in those cases the record supported the findings made. He also claims <u>Howrie</u> is distinguishable because the claimant did not testify. We discern no merit in these contentions.

<u>Howrie</u> and <u>Womack</u> are similar to this case in that we affirmed the Board's orders affirming the WCJs' decisions denying the claimants' challenges to UR determinations. In both cases, we also affirmed the fact-finder, who credited the reviewer over the providers. The binding nature of credibility determinations applies regardless of the source.

That the claimant did not testify in <u>Howrie</u> was not material to our disposition. We upheld the fact-finder there because the WCJ credited the reviewer over the provider. For the same reason, we uphold the fact-finder here.

7

Relevant here, in Womack, we noted the providers did not inquire as to the claimant's pain levels. As a result, the medical records did not contain subjective pain levels as reported by the claimant. That is in contrast to the record here, which contains consistent reports of Claimant's reported pain at the highest end of the pain scale. Reproduced Record (R.R.) at 9a-12a.

Here, the WCJ's findings regarding Claimant's pain levels are supported by the medical records of Providers, which are relayed in Reviewer's UR Determination. Id. The WCJ's findings that Claimant experienced little pain relief are further bolstered by Dr. Riffle's reports dated January and April 2013, which state: "Claimant's chief complaint was constant severe lumbar spine pain with weakness and shaking in the right leg. He rated his current pain level on both dates as 10/10." F.F. No. 3(a) (emphasis added); see Certified Record (C.R.), Hr'g Tr., 10/29/13, Ex. C1 (Medical Reports).

The WCJ was free to reject Claimant's testimony in favor of the medical reports. Womack. The medical reports contain substantial evidence to support the WCJ's findings that Claimant experienced little pain relief from the treatment. Id.

## C. Reasoned Decision

Lastly, we consider Claimant's argument that the WCJ did not issue a reasoned decision. Specifically, we address Claimant's challenge to the sufficiency of the WCJ's explanation regarding her credibility determinations.

Section 422(a) of the Act provides in pertinent part:

All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The [WCJ] shall specify the evidence upon which the [WCJ] relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the [WCJ] must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the [WCJ] must identify that evidence and explain adequately the reasons for its rejection.

77 P.S. §834. In Daniels v. Workers' Compensation Appeal Board (Tristate Transport), 828 A.2d 1043 (Pa. 2003), our Supreme Court explained Section 422(a) of the Act requires "some articulation of the actual objective basis for the [WCJ's] credibility determination" such that it "facilitates effective appellate review." Id. at 1053. While the WCJ is the sole arbiter of credibility and evidentiary weight, she must provide an adequate basis for rejecting or accepting a witness's testimony, particularly when the witness does not testify live before the WCJ. Id.

Here, the WCJ articulated objective grounds for rejecting Claimant's testimony as to the effectiveness of the treatment. F.F. No. 10. She noted his testimony that he felt better with the treatment was belied by the notes in his medical file taken extemporaneously with his treatment. F.F. No. 9. Specifically, she "[found] it significant" that the pain ratings in the treatment notes of Providers consistently stated that Claimant continued to experience pain at the 9-10 level after receiving the same treatment for at least two and-one-half years. Id.

9

In short, the WCJ adequately explained her credibility determinations, citing the inconsistency between Claimant's testimony and prior reports. Consequently, we reject Claimant's contention that she did not issue a reasoned decision.

### III. Conclusion

For the foregoing reasons, we affirm the Board.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wilner Dorvilus,                        :
                Petitioner    :
                           :
          v.                     :   No. 2387 C.D. 2015
                           :
Workers' Compensation Appeal           :
Board (Cardone Industries),            :
                Respondent    :

# **O R D E R**

**AND NOW**, this 27th day of July, 2016, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

_____
ROBERT SIMPSON, Judge